IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, MELISSA A. STRECANSKY, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC, <br><br> Defendants. | Case No. 1:25-cv-11898 <br><br> Judge |

## COMPLAINT

Plaintiffs SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, MELISSA A. STRECANSKY, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND (collectively, the "Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP, by way of their complaint against Defendant THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC ("Defendant Company"), state as follows:

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this District.

2. Defendant Company is a limited liability company registered to do business in Illinois. At all relevant times, Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 101 of the Labor Management Relations Act.

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. § 185(a) and (c).

4. The Service Employees International Union Healthcare IL and IN (SEIU), formerly known as Service Employees International Union, Local 4, is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this District. SEIU is not a party to this lawsuit.

5. Defendant Company, at all relevant times, has been a party to a Master Agreement between SEIU and the Illinois Association of Health Care Facilities.

6. Under the terms of Defendant Company's respective collective bargaining agreements with SEIU (herein "Agreement"), Defendant Company is required to make monthly contributions to the Funds on behalf of all their full-time employees and on behalf of their part-time employees who elect coverage and are covered by the Agreement.

7. The Agreement also requires Defendant Company to submit monthly remittance reports in which Defendant Company, *inter alia*, identifies the employees covered under the

Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

8.  Defendant Company must also pay contributions for each month worked by their employees to the Funds. Defendant Company is required to remit contributions to the Funds along with the remittance report. Pursuant to the Funds' Trust Agreement and collection procedures, Employers who fail to report and/or remit contributions timely are liable to pay interest on the delinquent contributions at 1% compounded per month, plus an additional 10% in liquidated damages to the Funds, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

9.  Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' Trust Agreement and collection procedures, Defendant Company is liable to the Funds for any delinquent contributions shown to be due upon completion of an audit, as well as interest, liquidated damages in the amount of 20%, reasonable audit expenses, attorneys' fees, and court costs.

10. Defendant Company operated a facility at 2649 E. 75th Street, in Chicago,, Illinois (the "Facility") for at least the period of January 1, 2019 through January 31, 2023 (the "Audit Period").

11. From all or part of the Audit Period, Defendant Company employed employees at the Facility who performed work covered by the Agreement.

12. Pursuant to the Agreement, Defendant Company is required to provide access to records necessary for the Funds to conduct an audit to determine whether Defendant Company complied with its obligation to contribute to the Funds.

13. The Funds requested an audit of the Facility for the Audit Period, and conducted that audit on or about June 21, 2023.

14. As revealed pursuant to that audit of Defendant Company's records during the Audit Period, Defendant Company failed to correctly report and pay contributions owed to the Funds, thereby depriving the Funds of contributions, income, and information needed to administer the Funds, and jeopardizing the benefits of participants and beneficiaries. The specific finding are as set forth in the document attached as Exhibit A (the "Audit Report").

15. As demonstrated by the Audit Report, Defendant Company owes the following amounts to the Funds, in addition to attorneys' fees and costs:

| The Villa at Windsor Park Audit for 1/1/19 to 1/31/23 | Welfare | Pension |
|---|---|---|
| Contributions | $ 4,360.00 | $ 3,750.46 |
| Interest | $ 2,029.09 | $ 1,406.96 |
| Liquidated Damages | $ 436.00 | $ 375.05 |
| Auditor Fees | $ 8,096.25 | $ 8,096.25 |
| TOTAL | $ 14,921.34 | $ 13,628.72 |

16. Although the Audit Report shows certain damages and auditor fees as waived, the Defendant Company is only entitled to have those amounts waived if pays the amounts show as due in the Audit Report prior to the Funds filing a lawsuit to collect.

17. All conditions precedent to requiring payment of contributions to the Funds have been met.

18. Defendant Company's failure to correctly report and remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

19. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant The Villa at Windsor Park Nursing and Rehab Center, LLC as follows:

1. Finding that Defendant The Villa at Windsor Park Nursing and Rehab Center, LLC violated the Agreement by failing to report and contribute contributions to the Funds;

2. Finding that Defendant The Villa at Windsor Park Nursing and Rehab Center, LLC is liable to the funds for all claims incurred by its employees and submitted to the Funds for the period between January 1, 2019 through January 31, 2023;

3. Entering judgment against Defendant The Villa at Windsor Park Nursing and Rehab Center, LLC in favor of the Service Employees International Union Healthcare IL Health and Welfare Fund in the amount of $14,921.34, and in favor of the Service Employees International Union Healthcare IL Pension Fund in the amount of $13,628.72, for all delinquent contributions during the time period covering January 1, 2019 through January 31, 2023, additional accrued interest, liquidated damages, and audit fees, and awarding the Funds their Attorneys' fees and costs incurred in pursuing collections;

4. Granting all other such legal and equitable relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Josiah A. Groff
    Josiah A. Groff
    An Attorney for the Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH, LLP
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361
jgroff@laboradvocates.com
erowe@laboradvocates.com

September 29, 2025